IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-576-D

| | |
|---|---|
| IBRAHIM OUDEH and <br> TERESA SLOAN-OUDEH, <br><br> Plaintiffs, <br><br> v. <br><br> GOSHEN MEDICAL CENTER, INC., <br><br> Defendant, <br><br> v. <br><br> UNITED STATES OF AMERICA and <br> STATE OF NORTH CAROLINA, <br><br> Third-Party Defendants. | **ORDER** |

On January 12, 2018, the United States of America ("United States") and the state of North Carolina filed a complaint against Dr. Ibrahim Oudeh and Teresa Sloan-Oudeh (collectively "plaintiffs") to recover damages and civil penalties under, inter alia, the False Claims Act, 31 U.S.C. § 3729, et seq. ("FCA"). See United States v. Oudeh, No. 5:18-CV-9-D, Compl. [D.E. 1] (E.D.N.C. Jan. 12, 2018). On November 7, 2018, the United States District Court for the Eastern District of North Carolina issued a prejudgment writ of garnishment under the Federal Debt Collection Procedures Act ("FDCPA") to Goshen Medical Center, Inc. ("Goshen" or "defendant"). See [D.E. 1] ¶ 2; [D.E. 1-2]; United States v. Oudeh, No. 5:18-CV-9-D, Writ [D.E. 73] (E.D.N.C. Nov. 7, 2018). On November 28, 2018, plaintiffs filed a complaint in Cumberland County Superior Court against Goshen seeking, in relevant part, injunctive relief concerning "payment of sale proceeds

pursuant to a promissory note" totaling $1,400,000. [D.E. 1] ¶ 1; see [D.E. 1-1]. On the same day, the Cumberland County Superior Court entered an ex parte order granting plaintiffs' request for a temporary restraining order ("TRO"). See [D.E. 1] ¶ 4; [D.E. 1-3].

On December 4, 2018, the United States removed plaintiffs' state court action to the United States District Court for the Eastern District of North Carolina [D.E. 1]. On December 5, 2018, Goshen moved for dissolution of the TRO [D.E. 16] and filed a memorandum in support [D.E. 17]. On December 6, 2018, plaintiffs moved for a TRO enjoining Goshen from violating the state court's TRO, moved to remand the proceeding to state court [D.E. 18], and filed a memorandum in support [D.E. 19]. On December 7, 2018, the United States responded to plaintiffs' motions [D.E. 21]. As explained below, the court denies as moot Goshen's motion for dissolution and denies plaintiffs' motions for a TRO and to remand.

I.

Dr. Ibrahim Oudeh operated a medical practice in Harnett County, North Carolina, and Teresa Sloan-Oudeh was the office manager. See United States v. Oudeh, No. 5:18-CV-9-D, [D.E. 1] ¶¶ 8–9 (E.D.N.C. Jan. 12, 2018). On May 4, 2017, plaintiffs agreed to sell the business assets of plaintiffs' medical practice to Goshen. See Compl. [D.E. 1-1] ¶ 7. Plaintiffs "agreed to finance the purchase price of [Dr. Oudeh's medical practice located at 801 Tilghman Drive in Dunn, North Carolina,] of $1,400,000 pursuant to a [p]romissory [n]ote . . . executed by Goshen." Id. ¶ 9. Goshen agreed to pay plaintiffs $200,000 on September 20, 2018, and $50,000 quarterly for the next six years. See id. ¶ 10. The remaining amount would be due on September 19, 2024. See id.

On January 12, 2018, the United States and the state of North Carolina filed a complaint against plaintiffs alleging violations of, inter alia, the FCA. See United States v. Oudeh, No. 5:18-CV-9-D, Compl. [D.E. 1] (E.D.N.C. Jan. 12, 2018). The United States alleges that plaintiffs

2

submitted false claims to Medicare and Medicaid and referred patients to an entity in which plaintiffs had a financial relationship. See id. ¶¶ 65–189. On January 25, 2018, the United States applied for prejudgment writs of garnishment. See id. [D.E. 8] (E.D.N.C. Jan. 25, 2018). On February 9, 2018, the court authorized the Clerk of the United States District Court for the Eastern District of North Carolina to issue writs of garnishment. See id. [D.E. 10] (E.D.N.C. Feb. 9, 2018). On November 7, 2018, the Clerk issued a prejudgment writ of garnishment to Goshen concerning "[a]ny and all funds owed and/or to be paid to [plaintiffs] for the purchase of [their] medical practice or related assets." Id. [D.E. 73] 2 (E.D.N.C. Nov. 7, 2018).

On November 28, 2018, plaintiffs filed a complaint against Goshen in Cumberland County Superior Court alleging breach of contract and seeking an injunction concerning the $1,400,000 due to plaintiffs under the purchase agreement. See [D.E. 1] ¶ 1; Compl. [D.E. 1-1]. Plaintiffs "did not disclose that . . . a [p]rejudgment [w]rit of [g]arnishment had been issued to Goshen by the United States District Court." [D.E. 1] ¶ 2. On November 29, 2018, the Cumberland County Superior Court entered an ex parte order granting a TRO, which stated that "Goshen shall immediately segregate the sum of $1,400,000.00 for the benefit of [p]laintiffs and/or the United States of America and the State of North Carolina." Id. ¶ 4 (alteration and quotation omitted); see [D.E. 1-3] ¶ 2.

On December 4, 2018, Goshen answered the complaint and filed a third party interpleader counterclaim. See id. ¶ 5. On the same day, the United States removed the action to the United States District Court for the Eastern District of North Carolina. See [D.E. 1].

II.

As for Goshen's motion to dissolve plaintiffs' state court TRO, a party may move to dissolve a TRO under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 65(b)(4). On December 10, 2018, plaintiffs' state court TRO expired. See [D.E. 1-3]; [D.E. 17] 2; [D.E. 19] 3. Plaintiffs have

3

not requested that this court enforce the state court TRO. Accordingly, Goshen's motion to dissolve is moot.

As for plaintiffs' motion for a TRO, the substantive standard governing whether to grant a TRO is the same as that governing whether to enter a preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a TRO only if the moving party demonstrates that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017); Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); Dorsey v. Tripp, No. 5:13-CT-3171-D, 2014 WL 630851, at *2 (E.D.N.C. Feb. 18, 2014) (unpublished). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief." Winter, 555 U.S. at 22; Di Biase, 872 F.3d at 230.

Plaintiffs have failed to demonstrate that they are likely to succeed on the merits. For example, Goshen can defend against plaintiffs' breach of contract claim by showing that Goshen is subject to a prejudgment writ of garnishment. Moreover, even if plaintiffs could establish that they were likely to succeed on the merits, plaintiffs are not likely to suffer irreparable harm without a TRO. See [D.E. 18] ¶ 9; [D.E. 19] 10. In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm." Real Truth About Obama, Inc., 575 F.3d at 346. Plaintiffs' bald assertion that they will suffer irreparable harm does not establish anything more than a mere possibility of irreparable harm. Furthermore, even if plaintiffs could establish that they were likely to suffer irreparable harm, plaintiffs have not shown

4

that the balance of equities tips in their favor or that a TRO is in the public interest. Thus, plaintiffs have failed to meet their burden of proof. See Winter, 555 U.S. at 20; Di Biase, 872 F.3d at 230. Accordingly, the court denies plaintiffs' motion for a TRO.

As for plaintiffs' motion to remand, plaintiffs contend that their state law complaint involves only state law claims and does not violate any prejudgment writs of garnishment. See [D.E. 19] 12–13. The United States removed the action pursuant to 28 U.S.C. § 1444 or 28 U.S.C. § 1442(a)(1). See [D.E. 1] ¶ 6. When a party moves to remand a case to state court, a federal district court must determine whether it has subject-matter jurisdiction. If it does not, the district court must remand the case to state court. See 28 U.S.C. § 1447(c). When removal is challenged, the party seeking removal bears the burden to demonstrate subject-matter jurisdiction. See, e.g., Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296–97 (4th Cir. 2008) (collecting cases).

Section 1444 provides that "[a]ny action brought under [28 U.S.C. § 2410] against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444. Section 2410 provides that "the United States may be named a party in any civil action or suit . . . to quiet title to, to foreclose a mortgage or other lien upon, to partition, to condemn, or of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien." Id. § 2410(a). Section 2410 operates only as a conditional waiver of sovereign immunity and does not independently create subject-matter jurisdiction over a suit against the United States. See, e.g., Macklin v. United States, 300 F.3d 814, 819 (7th Cir. 2002); Brown v. U.S. Dep't of Health & Human Servs., No. 5:10-CV-94-D, 2010 WL 2927699, at *2 (E.D.N.C. July 22, 2010) (unpublished); see also 28 U.S.C. § 2410(a). "Nonetheless, the interplay between 28 U.S.C. § 1444 and 28 U.S.C. § 2410 gives the United States the option to remove an

5

action originally filed in state court and confers subject-matter jurisdiction over the action in federal district court." Brown, 2010 WL 2927699, at *2; see North Dakota v. Fredericks, 940 F.2d 333, 338–39 (8th Cir. 1991); Hood v. United States, 256 F.2d 522, 525–26 & n.9 (9th Cir. 1958).

Plaintiffs' complaint involves money subject to a prejudgment writ of garnishment. A prejudgment writ of garnishment constitutes a lien in favor of the United States. See United States ex rel. Lutz v. United States, 853 F.3d 131, 135 n.4 (4th Cir. 2017); Brown, 2010 WL 2927699, at *3. Accordingly, the court has subject-matter jurisdiction, and the court denies plaintiffs' motion to remand. Because removal was proper pursuant to 28 U.S.C. § 1444, the court need not address whether removal was proper pursuant to 28 U.S.C. § 1442(a)(1).

## III.

In sum, the court DENIES AS MOOT Goshen's motion for dissolution [D.E. 16], and the court DENIES plaintiffs' motions for a temporary restraining order and to remand [D.E. 18].

SO ORDERED. This __29__ day of January 2019.

JAMES C. DEVER III
United States District Judge