IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-576-D

| | |
|---|---|
| IBRAHIM OUDEH and<br>TERESA SLOAN-OUDEH,<br><br>     Plaintiffs,<br><br>v.<br><br>GOSHEN MEDICAL CENTER, INC.,<br><br>     Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA and<br>STATE OF NORTH CAROLINA,<br><br>     Third-Party Defendants. | **ORDER** |

On March 12, 2019, Goshen Medical Center, Inc. ("Goshen" or "defendant") moved to stay discovery [D.E. 28] and filed a memorandum and exhibits in support [D.E. 29]. On March 21, 2019, the United States of America and North Carolina responded in support of Goshen's motion to stay discovery [D.E. 30]. On March 26, 2019, Ibrahim Oudeh and Teresa Sloan-Oudeh (the "Oudehs" or "plaintiffs") responded in opposition [D.E. 32]. As explained below, the court grants Goshen's motion to stay discovery.

"The scope and conduct of discovery ... are within the sound discretion of the district court." Erdmann v. Preferred Res., Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988); see Fed. R. Civ. P. 26; Thigpen v. United States, 800 F.2d 393, 396–97 (4th Cir. 1986), overruled on other grounds by Sheridan v. United States, 487 U.S. 392 (1988). The potential of a dispositive motion to resolve all

claims in a case, strong support on the merits for a dispositive motion, and the irrelevancy of the discovery at issue to a dispositive motion all weigh in favor of a stay. See, e.g., United States v. Land Rover Vehicles, No. 5:14-CV-34-F, 2015 WL 2090496, at *1 (E.D.N.C. May 5, 2015) (unpublished); Yongo v. Nationwide Affinity Ins. Co. of Am., No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (unpublished).

Goshen has paid the first installment under the parties' contract to the Clerk of Court for the United States District Court for the Eastern District of North Carolina because that money is subject to prejudgment writs of garnishment in a related case. On April 5, 2019, the United States and North Carolina moved for partial summary judgment in that case. See Mot. Partial Summ. J., United States v. Oudeh, No. 5:18-CV-9-D, [D.E. 97] (E.D.N.C. Apr. 5, 2019). That motion could render the Oudehs' claims in this case moot because, if successful, it would be "impossible for [the] court to grant any effectual relief" to the Oudehs even assuming, without deciding, that they were to prevail on their state law claims in this case. Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) (quotations omitted); see Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016); Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018). Moreover, although courts disfavor motions to stay discovery, the Oudehs do not explain how discovery in this case could be relevant or would otherwise be an efficient use of resources at this time. Accordingly, the court grants Goshen's motion to stay discovery.

In sum, the court GRANTS defendant's motion to stay discovery [D.E. 28].

SO ORDERED. This 15 day of April 2019.

*signature*
JAMES C. DEVER III
United States District Judge